UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL DAVIS,
    *Plaintiff*,

v.

CONNECTICUT CORRECTIONAL
MANAGED HEALTH CARE, *et al.*,
    *Defendants*.

No. 3:16-cv-1585 (JAM)

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Michael Davis is a prisoner in the custody of the Connecticut Department of Correction. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs. After an initial review, the Court will dismiss plaintiff's claims against Connecticut Correctional Managed Health Care and against the individual "John Doe" defendants in their official capacities. Plaintiff's individual-capacity claims for deliberate indifference under the Eighth Amendment and for retaliation under the First Amendment shall proceed. Plaintiff, however, shall file an amended complaint by February 3, 2017, that identifies the names of the "John Doe" defendants or a motion for extension of time to do so.

**BACKGROUND**

Plaintiff has filed suit against the following five defendants: Connecticut Correctional Managed Health Care and four "John Doe" defendants who work in nursing and medical care at Osborn Correctional Institution.[1] The following facts are alleged in the complaint and accepted as true only for purposes of this initial ruling.

---

[1] The complaint identifies John Does #1 to #4 in its caption but then refers only to John Does #2 to #5 in

On July 28, 2016, plaintiff submitted a request for medical services because he was experiencing pain in his right heel that spread up the lower part of his leg, limiting his activity and mobility. He also suffered from a painful and blistering rash on the upper half of his body. The sick call nurse, defendant John Doe #3, called plaintiff to the medical unit, but did not provide him any treatment, instead referring him to a doctor, defendant John Doe #4. Plaintiff waited to see the doctor and, after a while, he submitted another request for medical services, and eventually a grievance.

After his requests for medical care went unanswered, plaintiff asked a nursing supervisor, defendant John Doe #2, why he was being denied medical services, to which he received no response. Plaintiff also asked the administrative remedies nurse, defendant John Doe #5, why his grievances relating to denial of medical care went unanswered, to which she replied that she threw his grievances away, along with all other grievances from inmates who complain too much. Plaintiff received no medical treatment for three months, and in retaliation for his complaints had medication for his skin discontinued by defendant John Doe #4 without consultation. Plaintiff seeks $90,000 in damages and an administrative transfer to another facility or assignment of another agency for medical services.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* The allegations of a *pro se*

---

the body of the complaint.

plaintiff's complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

As an initial matter, I will dismiss plaintiff's claim against Connecticut Correctional Managed Health Care, because it is a division of the University of Connecticut Health Center, which is a state agency that is not subject to suit for money damages as "person" under § 1983. *See Will v. Michigan Dep't of Police*, 491 U.S. 58, 70 (1989); *Ferla v. Correctional Managed Health Care*, 2015 WL 5826812, at *12 (D. Conn. 2015). To the extent that plaintiff seeks injunctive relief in the form of a transfer, it is clear that the Connecticut Correctional Managed Health Care—as distinct from the Department of Correction—cannot afford him such relief.

As to the individual "John Doe" defendants, plaintiff has filed suit against them in their official and individual capacities. To the extent that plaintiff sues these defendants in their official capacities, I will dismiss plaintiff's claims, because official-capacity claims for money damages against state officials are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985). Although there is a well-established exception for official-capacity suits that seek prospective injunctive relief against a state official, *see Virginia Office for Prot. &*

3

*Advocacy v. Stewart*, 131 S. Ct. 1632, 1639 (2011), plaintiff's prayer for injunctive relief (a transfer to another facility or agency for medical health services) is not within the scope of authority of any of the individual medical defendants to grant.

To the extent that plaintiff sues the "John Doe" defendants in their individual capacities, I will allow these claims to proceed. It is well established that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A deliberate indifference claim has two component requirements. The first requirement is objective: the alleged deprivation must be serious. The second requirement is subjective: the charged officials must act with a subjectively reckless state of mind in their denial of medical care. *See Spavone v. New York State Dept. of Correctional Servs.*, 719 F.3d 127, 138 (2d Cir. 2013); *Hilton v. Wright*, 673 F.3d 120, 127 (2d Cir. 2012).

Here, plaintiff has alleged that he suffered from "serious" foot pain that has limited his activity and mobility, as well as a "severe" rash on the upper half of his body, which is painful and blistered. For purposes of this ruling, the Court will assume that plaintiff's medical need was serious, and that the delay in care—that lasted over three months—is sufficient to establish that plaintiff's deprivation was objectively serious. *See Chance v. Armstrong*, 143 F.3d 698, 702–703 (2d Cir. 1998).

Plaintiff has also alleged that his deprivation of care occurred with a sufficiently culpable state of mind. The Second Circuit has allowed claims for deliberate indifference "where there is an underlying dispute as to whether legitimate medical claims were deliberately disregarded as punishment for past breaches of the disciplinary code, or for other invalid reasons." *Archer v. Dutcher*, 733 F.2d 14, 17 (2d Cir. 1984). Plaintiff has alleged that he suffers from legitimate

4

claims of foot pain and skin rash, and that those claims were deliberately disregarded by the John Doe defendants as punishment for being obstreperous. His claim for deliberate indifference will therefore survive this initial screening.

I will likewise allow a claim for First Amendment retaliation to proceed as to John Doe #4 (doctor) and John Doe #5 (administrative remedy nurse). Plaintiff claims that he was disfavored because of his complaining and filing of grievances. *See Davis v. Goord*, 320 F.3d 346, 352–53 (2d Cir. 2003) (noting that "a plaintiff asserting First Amendment retaliation claims must allege (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action," and that "the filing of prison grievances is a constitutionally protected activity").

Plaintiff's claims against unnamed "John Doe" defendants are permissible at this time as placeholders for purposes of notice of the scope of plaintiff's claim and for conducting discovery in this action. *See, e.g.*, *Abreu v. City of New York*, 657 F. Supp. 2d 357, 362–63 (E.D.N.Y. 2009). Plaintiff is cautioned, however, that he cannot ultimately obtain monetary relief against unnamed "John Doe" defendants, and he must diligently take steps to learn the real names and identities of the "John Doe" defendants and to amend his pleadings to identify by name any person whom he seeks to hold liable for money damages. *See, e.g.*, *Hogan v. Fischer*, 738 F.3d 509, 517–20 (2d Cir. 2013).

Because the Court cannot serve process on any of the defendants so long as they have not been identified by name, plaintiff shall file an amended complaint that identifies by name any of the "John Doe" defendants whom he seeks to hold liable. If plaintiff is unable to identify all or any of the "John Doe" defendants by name within that time period, then he shall file a motion for

5

extension of time that describes in detail the efforts he has made to learn the names of these defendants. Failure to file a timely amended complaint or motion for additional extension of time may result in the dismissal of this action.

## CONCLUSION

For the foregoing reasons, the Court enters the following orders:

(1) All claims against Connecticut Correctional Managed Health Care are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), and **DISMISSED** to the extent plaintiff seeks damages against any other defendant in his or her official capacity pursuant to 28 U.S.C. § 1915A(b)(2).

(2) Plaintiff's individual-capacity claims against the individual "John Doe" defendants may proceed. Plaintiff shall file an amended complaint by February 3, 2017, within thirty (30) days from the date of this Order identifying by name any John Doe defendants or shall file a motion for extension of time to file an amended complaint explaining why he has been unable to name any "John Doe" defendants.

(3) Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the Court.

It is so ordered.

Dated at New Haven, Connecticut this 2nd day of January, 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge